### CINCINNATI v. PHILIP ROETTINGER.

1. CONTENTION DISCLAIMING OWNERSHIP IN DEFECTIVE SEWER IN PUBLIC STREET CANNOT BE RAISED ON ERROR.

A contention that a municipality was not shown to be the owner of a defective sewer in a public street, for injuries to property abutting which judgment for damages has been rendered, comes too late on error to reverse such judgment, especially, since the city made no disclaimer of ownership to the sewer in question by pleading or otherwise and the evidence shows that it repaired the sewer after repeated notices of the defects therein.

2. ERRORS IN TRIAL HELD IMMATERIAL UPON LIABILITY OF MUNICIPALITY FOR DAMAGES IN GREATER AMOUNT THAN JUDGMENT ALLOWED.

Where a cause of action is stated against a municipality, and the uncontradicted evidence shows liability for whatever damages resulted, and also that the plaintiff suffered greater damages than were allowed him by the jury, errors of law in the charge to the jury or in the admission or rejection of evidence become immaterial.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

**Geoffrey Goldsmith**, for plaintiff in error:

Error in the admission of evidence. 8 Enc. Pl. & Pr. 223; *Graves* v. *People*, 18 Colo. 170 [32 Pac. Rep. 63]; *Kent* v. *State*, 42 Ohio St. 426; *State* v. *Young*, 73 Ohio St. 372 [78 N. E. Rep. 1138], affirming, *Young* v. *State*. 26 Circ. Dec. 747 (6 N. S. 53).

Letter is irrelevant. 11 Am. & Eng. Enc. Law 588, 589; 1 Greenleaf, Evidence 262; 3 Wigmore, Evidence Sec. 2104; Chase's Stephens, Evidence 180; *Thornton* v. *Stephen*, 2 M. & R. 45; *Barber* v. *International Co.* 73 Conn. 587 [48 Atl. Rep. 758]; *Elmore* v. *Overton*, 104 Ind. 548 [4 N. E. Rep. 197; 54 Am. Rep. 343]; *Stillwater Turnpike Co.* v. *Coover*, 25 Ohio St. 558; *Circleville (City)* v. *Throne*, 1 Circ. Dec. 200 (1 R. 359); *Dixon* v. *Liberty Tp. Sub. Dist.* 2 Circ. Dec. 298 (3 R. 517); *Root* v. *Monroeville (Vil.)*, 4 Circ. Dec. 53 (16 R. 617); *Bradford Belting Co.* v. *Gibson*, 68 Ohio St. 442 [67 N. E. Rep. 888]; *Smyth* v. *Bangor*, 72 Me. 249.

Error in refusal to arrest case from the jury on motion of the defendant city. *Cleveland* v. *Payne*, 72 Ohio St. 347 [74 N. E. Rep. 177; 70 L. R. A. 841]; *Smith* v. *Rochester*, 64 Hun. 637 [19 N. Y. Supp.

Cincinnati v. Roettinger.

459]; *Lohr* v. *Philipsburg Borough*, 156 Pa. St. 246 [27 Atl. Rep. 133]; *Jordan* v. *Peckham*, 19 R. I. 28 [31 Atl. Rep. 305].; *Shelby* (*Vil.*) v. *Clagett*, 46 Ohio St. 549 [22 N. E. Rep. 407; 5 L. R. A. 606]; *Smyth* v. *Bangor*, 72 Me. 249; *Dundas* v. *Lansing*, 75 Mich. 499 [42 N. W. Rep. 1011; 5 L. R. A. 143; 13 Am. St. Rep. 457]; *Bond Hill* (*Vil.*) v. *Atkinson*, 9 Circ. Dec. 185 (16 R. 470); *Weidman* v. *New York*, 84 App. Div. 321 [82 N. Y. Supp. 771], affirmed, *MacKnight Flintic Stone Co.* v. *New York*, 176 N. Y. 586 [68 N. E. Rep. 1119]; 28 Cyc. 1319; *Kidson* v. *Bangor*, 99 Me. 139 [58 Atl. Rep. 900].

Error in stating the issues to the jury. *Cincinnati Trac. Co.* v. *Forrest*, 73 Ohio St. 1 [75 N. E. Rep. 818].

Error in the general charge as to the establishment of propositions of fact. *Davies* v. *Griffith*, 11 Dec. Re. 495 (27 Bull. 180); *Cincinnati, C. & W. Tpk. Co.* v. *Cincinnati*, 9 Dec. 259 (6 N. P. 233); *Davison* v. *Spitler*, 7 Dec. 393 (5 N. P. 466); *Guy* v. *Railway*, 9 Dec. 23 (6 N. P. 3); *Columbus Ry.* v. *Ritter*, 67 Ohio St. 53 [65 N. E. Rep. 613].

Error in instructing jury as to knowledge. *Cincinnati Trac. Co.* v. *Forrest*, 73 Ohio St. 1 [75 N. E. Rep. 818]; *Lohr* v. *Philipsburg Borough*, 156 Pa. St. 246 [27 Atl. Rep. 133]; *Houseman* v. *Building & Loan Assn.* 81 Pa. St. 256.

Instructing as to measure of damages. *Cincinnati* v. *Wright*, 14 Dec. 600 (2 N. S. 53); *Upson Coal & Min. Co.* v. *Williams*, 28 Circ. Dec. 388 (7 N. S. 293), affirmed, without report, *Upson Coal & Min. Co.* v. *Williams*, 75 Ohio St. 644; *Stroth Brewing Co.* v. *Schmitt*, 25 O. C. C. 231 (1 N. S. 177); *Toledo* v. *Lewis*, 9 Circ. Dec. 451 (17 R. 588), affirmed, *Crawford* v. *State*, 52 Ohio St. 62 [38 N. E. Rep. 614]; *Mansfield* v. *Hunt*, 10 Circ. Dec. 567 (19 R. 488); *Toledo* v. *Grasser*, 6 Circ. Dec. 782 (12 R. 520); *Cummings* v. *Toledo*, 5 Circ. Dec. 495 (12 R. 650); *Uline* v. *Railway*, 101 N. Y. 98 [4 N. E. Rep. 536; 54 Am. Rep. 661]; *Shirely* v. *Railway*, 74 Iowa 169 [37 N. W. Rep. 133; 7 Am. St. Rep. 471]; *Randolf* v. *Bloomfield*, 77 Iowa 50 [41 N. W. Rep. 562; 14 Am. St. Rep. 268]; *Robb* v. *Carnegie Bros.* 145 Pa. St. 324 [22 Atl. Rep. 649; 14 L. R. A. 329: 27 Am. St. Rep. 694]; *Schlitz Brewing Co.* v. *Compton*, 142 Ill. 511 [32 N. E. Rep. 693; 18 L. R. A. 390; 34 Am. St. Rep. 92].

**E. G. Kinkead** and **H. K. Rogers**, for defendant in error.

**SWING, J.**

Defendant in error brought an action against the plaintiff in error for damages to his real estate caused by sewage matter escaping from

a sewer in Gilbert avenue and flowing under the foundations of his houses abutting on that street. The petition states a good cause of action. The answer of the city was in effect a general denial.

The plaintiff introduced his evidence, which substantially sustained the allegations of his petition. The damage to the property was shown to be at least $1,500; one witness placed it at $2,000. It was further proved that repairs were made to the buildings caused by sewage matter to the extent of $951. The city offered no evidence. The jury returned a verdict for the plaintiff in the sum of $1,179, including interest to May 4, 1908. The petition was filed April 20. 1904, claiming interest from January 1, 1903, so that the verdict carried with it at the least over four years' interest, and the amount of damage allowed by the jury was not over $900.

The jury made special findings of fact as follows:

"Did the city have reasonable notice of the defect, if any, in the sewer pipe before the injuries or any of them complained of. Answer. Yes."

"Did the city have reasonable notice of the defect, if any, in the culvert before the injuries complained of, or any of them. Answer. Yes."

"Did the city after notice, if any was given, remedy the defect, if any, in the sewer in a reasonable time. Answer. No."

"Did the city after notice, if any was given, remedy the defect, if any, in the culvert in a reasonable time. Answer. No."

"Was the break, if any, in the sewer pipe, the proximate cause of the damage. Answer. Yes."

"Was the break, if any, in the culvert, the proximate cause of the damage. Answer. Yes."

It is urged in argument that the evidence does not show that the city was the owner of the sewer in question, but this contention comes too late. The city in its answer did not set up any defense of that kind. The evidence shows that the sewer was in the public street of the city, and when complaint was made to the city that sewage was leaking from the sewer into plaintiff's property, the city did not disclaim ownership of the sewer, but finally after repeated notices of the defect, repaired the sewer. There really can be no question but that the sewer was the property of the city.

Quite a number of errors alleged to have been committed by the court in the trial of the case were presented to the court on behalf of the city with great learning and ability, but with the view we take

Cincinnati v. Roettinger.

of the record these do not seem prejudicial, if erroneous, and need not therefore be considered in detail.

The plaintiff having stated a cause of action and the uncontradicted evidence showing that the city was liable for whatever damages resulted, and the uncontradicted evidence showing that he sustained more damage than the jury allowed, any errors of law if committed by the court in its charge or in the admission or rejection of evidence must be immaterial and of no prejudice to the city.

Judgment affirmed.

**Giffen** and **Smith, JJ.,** concur.